### Edward K. METCALF, Plaintiff— Appellant,

v.

### ANCHORAGE DAILY NEWS, INC., Defendant—Appellee.

No. 02–35893.

D.C. No. CV–00–00260–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Sept. 2, 2003.

Edward K. Metcalf, Anchorage, AK, for Plaintiff–Appellant.

Parry Grover, Esq., Davis Wright Tremaine LLP, Anchorage, AK, for Defendant–Appellee.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

### MEMORANDUM**

Edward K. Metcalf appeals *pro se* the district court's order awarding attorney's fees pursuant to Fed.R.Civ.P. 11(c)(1)(A) in his action for wages under the federal Fair Labor Standards Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision for an abuse of discretion, *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788 n. 16 (9th Cir.2001).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court abused its discretion in awarding Rule 11 sanctions to Anchorage Daily News ("ADN") because it failed to serve a separate Rule 11 motion on Metcalf 21 days before filing the motion with the court. *See id.* at 789 (Rule 11(c)(1)(A)'s procedural requirements are mandatory). ADN is now procedurally barred from reapplying for Rule 11 sanctions. *See Barber v. Miller,* 146 F.3d 707, 710–712 (9th Cir.1998) (where plaintiff's claim was subject to Rule 11 sanctions, defendant's failure to follow Rule 11's procedure meant that the defendant was no longer able to obtain sanctions). We, therefore, reverse the award of sanctions to ADN.

Furthermore, this court does not have jurisdiction to address Metcalf's contentions regarding the merits of the district court's original judgment because Metcalf failed to timely appeal the district court's judgment. *See* Fed. R.App. P. 4. We accordingly dismiss that portion of his appeal. We further find no abuse of discretion in the district court's denial of Metcalf's Rule 60(b) motion, and we affirm that denial.

AFFIRMED in part; REVERSED in part; DISMISSED in part.

Each party shall bear its own costs on appeal.